RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 2/15/07

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **Luis A. Meza, Sr.,** *et al* | **Civil Action No. 06-1548** |
| **versus** | **Judge Tucker L. Melançon** |
| **All State Insurance Co.,** *et al.* | **Magistrate Judge Mildren E. Methvin** |

### MEMORANDUM RULING

Before the Court is plaintiffs' Motion to Remand [Rec. Doc. 7] and Supplemental Memorandum in support [Rec. Doc. 26] and defendant Allstate Insurance Company's Memorandum in Opposition thereto [Rec. Doc. 16]. Also before the Court is defendant, National City Mortgage's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted [Rec. Doc 21], plaintiff's Opposition thereto, and defendant's Reply Memorandum in further support of its Motion to Dismiss [Rec. Doc. 30]. As the Motion to Remand concerns the Court's jurisdiction over this matter, it will be addressed first.

### I. BACKGROUND

Defendant, Allstate Insurance Company ("Allstate") is a Write-Your-Own ("WYO") Program carrier in the federal government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. § 4001, *et seq.*, as amended. The NFIP was established by the NFIA and is administered through the Federal Emergency Management Act ("FEMA"). *Wright v. Allstate Ins. Co.,* 415 F.3d 384, 387 (5th Cir.2005). The NFIP has two main components: 1) the flood insurance program, and 2) a

1

comprehensive national plan for flood management. *Gallup v. Omaha Prop. & Cas. Ins. Co.,* 434 F.3d 341, 342 (5th Cir.2005). A standard flood insurance policy ("SFIP") can be issued by a private WYO insurance provider directly to consumers. *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998). These WYO companies, however, have no power to alter, amend, or waive any provision contained within the SFIP. 44 C.F.R. pt. 61.13(d). By statute, these WYOs are considered fiscal agents of the United States. 42 U.S.C. § 4071(a)(1); *Nash v. Harry Kelleher & Co., Inc.,* 2006 WL 2644960, *2 (E.D.La.,2006).

Upon purchase of their home, on August 12, 2002, plaintiffs secured homeowners and flood insurance from defendant, Allstate, through its duly authorized agent Chris Mahoney d/b/a Chris Mahoney Agency. (*Plaintiff's Complaint,* para. 3-4). Each year, when the renewal for homeowners and insurance premiums were due, National City Mortgage paid the insurance premiums via an escrow account it maintained for that purpose. (*Id.* at 5). Shortly after the mortgage was cancelled on August 12, 2004 upon being paid in full, plaintiff advised defendant Chris Mahoney that the mortgage on the home was cancelled and the debt satisfied. (*Id.* at 6-7). Plaintiffs claim that Mahoney failed to make the proper changes to reflect that the mortgage was cancelled on the flood insurance policy, thus the flood insurance bill continued to be sent to National City Mortgage, who in turn failed to forward the bill to plaintiffs. (*Id.* at 8). As it were, plaintiffs' flood insurance policy expired on August 12, 2004 with the cancellation of the mortgage. Plaintiffs state that they were not aware that they no longer had flood insurance until Hurricane Katrina devastated the New Orleans area in August 2005, when upon contacting Allstate they were advised that they had homeowners coverage but not flood

coverage because the policy had expired August 12, 2004. (*Id.* at 10).  As a result of the hurricane, plaintiff suffered damages to their home, including a loss of all the contents. (*Id.* at 12).

On August 14, 2006, plaintiffs filed suit in the 15th Judicial District Court, Lafayette Parish, alleging that defendants Chris Mahoney d/b/a Chris Mahoney Agency and Allstate Insurance Company improperly and wrongfully cancelled plaintiff's flood insurance coverage when the mortgage on their home was satisfied by failing to properly notify plaintiffs of the cancellation.  Plaintiffs state that they never received any bills or notices for the flood insurance policy, nor did they receive any notice of cancellation.  Essentially plaintiffs argue that but for defendant's failure to notify and advise plaintiffs that the flood insurance would expire and to make the proper changes to the policy, plaintiffs' flood insurance would have been in place and in effect on August 28, 2005. (*Id.* at 11&13).

## II. MOTION TO REMAND

Defendant, Allstate Insurance Company filed a Notice of Removal on September 8, 2006, stating that based on the allegations contained in the complaint the case was removable to federal court pursuant to federal question jurisdiction because defendant is a WYO carrier participating in the United States government's NFIP, and thus appearing in its fiduciary capacity as a fiscal agent of the United States and at the expense of the United States. (*Defendant's Opposition,* p.1) Plaintiffs contend that the Court lacks subject matter jurisdiction over this matter because their claims arise out of the insurance agent's negligent policy procurement, therefore there is no preemption and the matter does not give rise to federal

question.

Under 28 U.S.C. § 1447(c), a district court is mandated to remand a case if, at any time before final judgment, it appears the court lacks subject matter jurisdiction. When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97(1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.,* 99 F.3d 746, 751 (5th Cir.1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002) (citations omitted). Moreover, plaintiffs are considered masters of their complaint, and "it is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. Nat'l Elevator Indus. Pension Fund,* 187 F.3d 493, 499 (5th Cir.1999); *see also Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

The Fifth Circuit recognizes a distinction between claims involving the "handling" of a flood insurance policy, which are preempted by federal law, and claims involving the "procurement" of such a policy, which are not preempted. In *Wright v. Allstate Ins. Co.,* 415 F.3d 384, 389 (5th Cir. 2005), the Court clarified its earlier holdings in *West v. Harris* and *Spencer v. Omaha Indem. Ins. Co.,*[1] by distinguishing between "procuring" and "handling" of

---

[1]    In *West v. Harris,* 573 F.2d 873, 881 (5th Cir.1978) the Fifth Circuit denied a motion to remand a

4

insurance claims and holding that state law claims based on the WYO's handling of the
insurance claim are preempted by federal law.[2]  Although the Fifth Circuit has not definitively
ruled on whether procurement claims are preempted by federal law, the district courts that have
addressed the issue are in agreement and have repeatedly held that state law claims are not
preempted in procurement cases.  *See Jones v. State Farm Fire & Cas. Co.,* 2006 WL 2359777,
at *2-4 (S.D.Miss. Aug. 15, 2006)(Senter, J); *Seruntine v. State Farm & Cas. Co.,* 2006 WL
2361641, at *2-5 (E.D.La. Aug. 7, 2006)(Vance, J); *Bramlett v. State Farm Fire & Cas. Co.,*
2006 WL 2243186, at *4-6 (S.D.Miss. Aug. 4, 2006) (Senter, J.); *Sullivan v. State Farm Cas.
Co.,* 2006 WL 2119320, *3-4 (E.D.La. July 27, 2006)(Barbier, J); *Jeffrey v. Ins. Underwriters,
LTD,* 2006 WL 1984591, at *1-2 (E.D.La. July 7, 2006) (McNamara, J.); *Cosse v. Matte,* 2006
WL 1968868, at *1-2 (E.D.La. July 7, 2006)(McNamara, J .); *Landry v. State Farm Fire &
Cas. Co.,* 428 F.Supp.2d 531, 534-36 (E.D.La.2006) (Fallon, J.); see also, *Nash v. Harry*

---

claim for attorney's fees pursuant to a flood insurance policy. The Court reasoned that the flood
insurance program was a "child of Congress ⋯ and [because] the federal government participates
extensively in the program ⋯ it is clear that the interest in uniformity of decision present in this
case mandates the application of federal law." *Id.*  However, in *Spence v. Omaha Indem. Ins. Co.,*
996 F.2d 793, 796 (5th Cir.1993), the Fifth Circuit concluded that federal preemption did not
apply to a lawsuit against WYO insurers for tortious misrepresentation.

[2]

Federal courts premise their jurisdiction under the NFIA on the fact that policies and claims
under the National Flood Insurance Program may implicate spending of federal funds. *Landry,*
428 F.Supp.2d 531, 534 (E.D.La. 2006); *Nash v. Harry Kelleher & Co., Inc.,* 2006 WL 2644960,
*3(E.D.La.,2006).  FEMA regulations for the NFIP provide that "loss payments" shall be payable
from federal funds. 44 C.F.R. pt. 62, App. A., art. III(D)(2). "Loss payments include payments as
a result of litigation that arises under the scope of this Arrangement [between WYOs and the
Government], and the Authorities set forth herein." *Id.* But, FEMA will review litigation costs
for denial where they are "significantly outside the scope" of the Arrangement, "and/or involve
issues of agent negligence." *Id.* at art. III(D)(3). Moreover, FEMA regulations expressly state
that, in the event of negligence that does not result in litigation, FEMA will not reimburse WYOs
for agent negligence. *Id.* at art. IX.

*Kelleher & Co., Inc.* 2006 WL 2644960, *2 (E.D.La.,2006)(Africk, J.).

The Court does not find that the above cited case law and the underlying reasoning are incompatible with the NFIP or wrong, as defendant suggests, and in fact concurs with its colleagues in now holding that only claims for the actual handling of NFIP policies, as opposed to claims on negligence in their procurement, are preempted and present federal questions. Therefore, the issue to be decided now is whether the instant matter involves "procurement" or "handling."

Plaintiff directs the Court to two recent cases - *Landry v. State Farm Fire & Casualty Co.,* 428 F. Supp. 2d 531 (E.D. La. 2006)(Fallon, J.) and *Nash v. Harry Kelleher & Co., Inc.* 2006 WL 2644960 (E.D.La.,2006). In *Landry*, plaintiffs allegedly requested the best coverage available, but the defendants, State Farm and its agent, did not obtain insurance coverage for the contents of the home. 428 F. Supp.at 532. The *Landry* Court granted remand upon finding that plaintiffs' claims for failure to provide contents coverage involved policy procurement, and, therefore, the claim did not invoke federal question jurisdiction. *Id.* at 534. The Court also noted that "federal funds will not be not implicated in this dispute," over defendant's unsupported representation otherwise, because the case was an action for the errors and omissions of the insurance agent and did not arise from the insurance companies' compliance with FEMA regulations under a NFIA policy. In *Nash v. Harry Kelleher & Co. Inc.,* 2006 WL 2644960, (E.D.La.,2006)(Africk, J.), while plaintiffs had coverage for the structure of their home, plaintiffs learned in September 2005 that they did not have flood insurance coverage for the contents of their home, despite their alleged request that their agent secure such coverage.

6

Plaintiffs' claims centered on their agents' failure to procure a contents flood insurance policy and allegations that this failure constitutes a breach of fiduciary duty or negligence. The *Nash* Court found that plaintiffs' claims arose outside of the policy handling context, and noted, "[H]andling entails the management of existing coverage which federal law and FEMA heavily regulate...By contrast, the rules and regulations reflect no interest in uniformity of standards of policy procurement outside of the Arrangement's scope." *Id.* at \*3 (Citations omitted).

Based on the record before the Court and the cited jurisprudence it is obvious that plaintiffs' allegations are based on the insurance agent's negligence in failing to procure a flood insurance policy for the plaintiffs upon the expiration of the original policy with satisfaction of the mortgage. Plaintiffs allegedly contacted the insurance agent and informed him that the bill for the policy would need to be sent directly to them, and so assumedly the agent knew that plaintiffs intended to procure or otherwise renew the flood insurance policy on their own. In *Jackson v. State Fire & Cas. Ins. Co.*, 2006 WL 3332835 (E.D.La.2006)(Africk, J.), the Court found remand appropriate on similar facts. The *Jackson* Court applied the reasoning of *Landry* and held that the alleged breach of duty and omission on the part of the defendant resulted in a failure to procure flood insurance renewal for the plaintiffs. The Court therefore found that the case did not involve a "handling" claim, and there was no federal question jurisdiction pursuant to the NFIP. *Id.* Likewise, even though a flood insurance policy had been purchased for plaintiffs' home at one time, that policy was tied to the mortgage and being paid by the mortgage holder. Upon cancellation of the mortgage that policy had to be

7

renewed or otherwise re-procured for plaintiffs.  Allegedly, defendant knew of the changed circumstances but failed to procure a policy reflecting the changes, as requested by plaintiffs.

The Court is not moved by defendant's position that the foregoing case law is erroneous, nor is the Court willing to create a new subcategory of "administration of an existing NFIP policy" cases in order to maintain jurisdiction.  Moreover, even if the Court were willing to consider recognizing such a subcategory, the facts of this case would not necessarily fall within it; under the existing jurisprudence the issue is clearly one of negligence in procuring a flood insurance policy.  Additionally, defendant has not provided any evidence in support of its allegation that its defense costs and/or any resulting judgment against it will be paid from the United States Treasury. As it were, defendant's position and all of the arguments submitted to support that position have been exhaustively analyzed and rejected in the numerous cases cited herein.

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.

### III. MOTION TO DISMISS

Because the Court will remand the case to the 15th Judicial District Court for the Parish of Lafayette for lack of subject matter jurisdiction, there is not only no need but the Court lacks the ability to consider National City Mortgage's Motion to Dismiss.

8